IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v. Civil Action No. 5:07CV50 (STAMP)

LEONARD REYNOLDS, D.P.M.,

Defendant.

**DEFAULT JUDGMENT ORDER**

On May 25, 2007, the clerk entered a default against defendant Leonard Reynolds, D.P.M., pursuant to Federal Rule of Civil Procedure 55(a). On December 15, 2009,[1] the government appeared before this Court for a hearing on its motion for default judgment.[2] Based upon the evidence presented at the hearing, this Court granted the government's motion for default judgment in the amount of $1,471.103.57. This sum was calculated based upon the following:

1. The actual damages sustained by the government in the amount of $147,701.19 as a result of false claims

[1]Prior to any evidentiary hearing on the government's motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b), this Court entered an order acknowledging an automatic stay of proceedings as to the defendant pending resolution of the defendant's voluntary petition for relief under Chapter 13, of the United States Bankruptcy Code. On December 7, 2009, this Court held a status and scheduling conference, in which the government indicated that the bankruptcy court ruled that the automatic stay does not prohibit the government from proceeding with a civil False Claims Act against the defendant in the district court. The government therefore requested that this Court proceed with the evidentiary hearing regarding default judgment.

[2]The defendant, proceeding pro se, did not appear at this evidentiary hearing.

submitted to Medicare and Medicaid must be trebled to $443,103.57, pursuant to 31 U.S.C. § 3729(a)(1).

2. The government is entitled to a penalty of not less than $5,500.00 and not more than $11,000.00 for each of the 96 separate and distinct false claims that was submitted to and paid by Medicare on or after September 29, 1999. See 31 U.S.C. § 3729(a)(1); 64 F.R. 47099-01. Furthermore, the government is entitled to a penalty of not less than $5,000.00 and not more than $10,000.00 for the single false claim that was submitted to and paid by Medicare prior to September 29, 1999. Consequently, the government is entitled to statutory penalties in the amount of $533,000.00 for the 97 false claims submitted to and paid by Medicare.

3. The government is entitled to a penalty of not less than $5,500.00 and not more than $11,000.00 for each of the 90 separate and distinct false claims that were submitted to and paid by Medicaid on or after September 29, 1999. See 31 U.S.C. § 3729(a)(1); 64 F.R. 47099-01. Consequently, the government is entitled to statutory penalties in the amount of $495,000.00 for the 90 false claims submitted to and paid by Medicaid.

The government is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 which provides that the federal rate of post-judgment interest should apply to any money judgment obtained in civil cases recovered in district court, including federal diversity actions. See Forest Sales Corp. v. Bedingfield, 881 F.2d 111, 113 (4th Cir. 1989). Therefore, this Court finds that the government is entitled to post-judgment at the federal rate of 0.32% per annum.

Accordingly, it is ORDERED that default judgment be entered against the defendant in the amount of $1,471,103.57. It is further ORDERED that the government is entitled to post-judgment interest at the legal rate of 0.32% per annum from the date of this

judgment until the date that the judgment is paid in accordance with 28 U.S.C. § 1961.

This civil action is hereby DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment in this matter.

DATED: December 17, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE